IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:25-cv-21356-ALTMAN

XYZ CORPORATION,

    Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A,"

    Defendants.

_____/

### PLAINTIFF'S MOTION FOR REMOTE APPEARANCE AT PRELIMINARY INJUNCTION HEARING

Plaintiff XYZ Corporation ("Plaintiff"), by and through its undersigned counsel, respectfully move this Court to enter an order allowing counsel to appear remotely, either telephonically or via videoconference, at the April 21, 2025 Preliminary Injunction Hearing (the "Hearing").

On March 27, 2025, this Court granted Plaintiff's Temporary Restraining Order ("TRO") [Dkt. No. 11]. Pursuant to the TRO, an in-person hearing is set for April 21, 2025 at 11:15 AM EST. On April 7, 2025 counsel for Plaintiff received from the third-party platform contact information for Defendants and effectuated service of process on April 8, 2025. [Dkt. No. 17]. Plaintiff intends to file a Motion for Preliminary Injunction (the "Motion") before the April 21, 2025 hearing and will properly serve notice on all Defendants of the Motion and Hearing.

Respectfully, Plaintiff's counsel is located outside of the Southern District of Florida and all Defendants reside in the People's Republic of China and are highly unlikely to attend an in-

person hearing. As such, district courts have authority to manage their cases in an effort to conduct litigation efficiently. *See, e.g., Bethel v. Baldwin Cnty. Bd. of Edu.*, 371 F. App'x 57, 62 (11th Cir. 2010) (finding district courts have inherent authority to provide for "the efficient disposition of litigation"); *see also Carson v. Polley*, 689 F.2d 562, 585 (5th Cir. 1982). Accordingly, Plaintiff will incur burdensome travel expenses for counsel to attend this in-person hearing and any Defendant appearing likely cannot attend in-person due to international travel and visa restrictions. In an effort to promote judicial efficiency and to conserve costs and expenses associated with this litigation, Plaintiff respectfully moves this Court for an Order granting a remote appearance either telephonically or by videoconference or by any means that should please the Court.

**WHEREFORE,** Plaintiff respectfully requests this Court grant Plaintiff's Motion for Remote Appearance at the April 21, 2025 Preliminary Injunction hearing.

DATED: April 16, 2025

Respectfully submitted,

*/s/ William R. Brees*
William R. Brees (FL Bar No. 98886)
william@bayramoglu-legal.com
Emily M. Heim (FL Bar No. 1015867)
emily@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
11540 W. Warm Springs Rd., Ste 100
Henderson, NV 89014
Tel: (702) 462 – 5973
*Counsel for Plaintiff XYZ Corporation*

## CERTIFICATE OF SERVICE

  I, hereby certify that on the 16th day of April 2025, I electronically filed the foregoing document with the clerk of the court using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

               */s/ William R. Brees*
               William R. Brees (FL Bar No. 98886)
               **BAYRAMOGLU LAW OFFICES LLC**